OLIVE P. CLAPP *v.*
SOUTH WINDSOR PLANNING AND ZONING COMMISSION
ERNEST G. MASON ET AL. *v.*
SOUTH WINDSOR PLANNING AND ZONING COMMISSION
WILLIAM R. RAULUKAITIS *v.*
SOUTH WINDSOR PLANNING AND ZONING COMMISSION
EDWARD S. GUTT ET AL. *v.*
SOUTH WINDSOR PLANNING AND ZONING COMMISSION
PAUL N. LAFRANCE ET AL. *v.*
SOUTH WINDSOR PLANNING AND ZONING COMMISSION
STEVEN WADACH ET AL. *v.*
SOUTH WINDSOR PLANNING AND ZONING COMMISSION

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued November 4—decided November 23, 1971

*Daniel P. Cavanaugh,* for the appellant (defendant) in each case.

*Palmer S. McGee, Jr.,* with whom were *Charles N. Segal* and *Robert P. Knickerbocker, Jr.,* and, on the brief, *Lindsey Kiang,* for the appellees (plaintiffs) in each case.

PER CURIAM. In these cases, appeals from six judgments of the Court of Common Pleas have been combined in accordance with § 606 of the Practice Book.

On December 10, 1968, after two years of study, the South Windsor planning and zoning commission, hereinafter called the commission, adopted a plan of development for the town. On April 1, 1969, a public hearing was held for the purpose of acting on the adoption of new zoning regulations and a new zoning map. At this hearing opposition was voiced by counsel for the named plaintiffs. On April 28, 1969, the commission unanimously adopted the new regulations and map, both to become effective that day. The properties of the plaintiffs were affected by zone changes through that action. The plaintiffs, in each of these cases, appealed to the Court of Common Pleas where their appeals were sustained. From judgments rendered in all six cases against it, the commission has appealed to this court.

An examination of the record and the appendices to the briefs discloses that the rezoning of each of these properties was an integral part of the zoning plan adopted on April 28, 1969, which was in harmony and consistent with the plan of development adopted on December 10, 1968.

In each of these cases, the trial court erred in substituting its judgment for that of the commission. *Kish* v. *Planning & Zoning Board,* 159 Conn. 604, 605, 267 A.2d 442; *Sobol* v. *Planning & Zoning Commission,* 158 Conn. 623, 262 A.2d 185; *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 384, 232 A.2d 922, and cases cited; see *Hawkes* v. *Town Plan & Zoning Commission,* 156 Conn. 207, 240 A.2d 914.

There is error, the judgment in each of the six cases is set aside and each is remanded with direction to dismiss the appeal therein.