[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the action of the defendant Zoning Board of Appeals of the Groton Long Point Association in granting a variance from certain provisions of Groton Long Point Zoning Regulations with respect to property owned by the defendant, Harold J. Smith, and located at the rear of East Shore Avenue, Groton Long Point, Connecticut.
Smith applied for a variance of sections 3.1, 3.8 and 4.3.1 of the zoning regulations for the purpose of constructing a new dwelling on the subject lot. The requisite notices of public hearing were published on August 12 and 16, 1988. The public hearing was held on August 23, 1988. On August 23, 1988, following the conclusion of the hearing, the defendant Groton Long Point ZBA rendered a decision granting the variance requested subject to "pending removal of obstruction to the 10-foot right-of-way."
The plaintiffs are owners of land which abut or is within a radius of 100 feet of the Smith property and timely filed an appeal from the decision of the defendant Board.
Aggrievement
The plaintiffs are statutorily aggrieved. Section8-8(a) of the Connecticut General Statutes provides that "any person or persons severally or jointly aggrieved by any decision of said board or any person owning land which abuts or is within a radius of 100 feet of any portion of the land involved in any decision by said Board" may take an appeal to the Superior Court from such decision.
The plaintiffs, owners of land within 100 feet of CT Page 165 the Smith premises, are therefore statutorily aggrieved and have the requisite standing to bring this appeal pursuant to Section 8-8 of the Connecticut General Statutes.
Powers and Duties of Zoning Boards of Appeals
Section 8-6 of the Connecticut General Statutes provides in relevant part as follows. The zoning board of appeals shall have the following powers and duties. . . (3) To determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . . See also Section 12.6.3 of the Zoning Regulations of Groton Long Point Association. Thus, a zoning board of appeals is authorized to grant variances when two basic requirements are met. (1) The variance will not affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation will cause unusual hardship unnecessary for the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362
(1988). The power to vary application of zoning regulations should be sparingly exercised and only in exceptional and unusual circumstances. Dolan v. Zoning Board of Appeals,156 Conn. 426 (1968). Proof of the existence of exceptional difficulty or unusual hardship is a condition precedent to obtaining a zoning variance. Point O'Woods Association v. Zoning Board of Appeals, 178 Conn. 364 (1979). The defendant Harold J. Smith had appealed from the decision of the zoning enforcement officer denying a zoning permit and in the alternative requesting variances of sections 3.1, 3.8 and 4.3.1 of the Zoning Regulations of the Groton Long Point Association.
Sections 3.1, 3.8, and 4.3.1 read as follows:
 Section 3.1 Compliance with Regulations. No land, building or premises or part thereof shall hereafter be used, and no building or part thereof or other structure shall be constructed, reconstructed, or replaced in whole or in part, extended, enlarged, moved, or altered except in conformity with these regulations. Every lot shall have an area, CT Page 166 width, and front, side, and rear yards at least as large as set forth in the applicable paragraph hereof, except as otherwise specifically provided in these regulations. No building or buildings shall occupy in the aggregate a greater percentage of the lot area nor be greater in height, than as set forth in the applicable paragraph hereof, except as otherwise specifically provided in these regulations. Where a new lot is formed by the subdivision of a lot already occupied by a building, no permit shall be granted for the erection of a building upon the new lot thus created unless both lots comply with the provisions of this ordinance.
 Section 3.8 Existing Lots. The provisions of these regulations relative to required lot area, required lot width, and required lot frontage, shall not prevent the construction of an otherwise permitted building or structure on any lot which was set out as a separate lot on any one of the original subdivision plans of the Groton Long Point aoea recorded in Map Book #45 of the Land Records of the Town of Groton, provided that any reduction in the required front, side or rear yards or open space requirement shall have been approved by the Zoning Board of Appeals.
 Section 4.3.1 Required Lot Area, Width, Yards, Coverage, Height:
 Min. Min. Min. Min. Min. Min. Min. Min. Lot Lot Front ea. side Rear Bldg. Bldg. Lot District Area Width Yard Each Yard Cov. Ht. Frontage (Sq.Ft) (Ft) (Ft) (Ft) (Ft) (%) (Ft) (Ft)
Residence 6000 60 25 6 10 25 30 60
 In case of a corner lot, for which two or more Front Yards are provided for by Section 1.33, one of the Front Yards may be designated as a Secondary Front Yard and the minimum Secondary Front Yard CT Page 167 shall be twenty (20) feet.
In due course, the notice of decision was published in The Day, a newspaper, on September 3, 1988. The Court's review is limited to a review of the record. The Court should not substitute its discretion for that of the board. There is wide discretion that attaches to actions of a zoning authority as an administrative agency of government and such discretion may be overruled only if a board or commission has not acted fairly or with proper motives or upon valid reasons. Gulf Oil Corporation v. Board of Selectmen of the Town of Brookfield,144 Conn. 61 (1966).
Connecticut courts have established some basic tenets regarding appeals from zoning decisions. Where a zoning authority has stated reasons for its actions, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision. Torsiello v. Zoning Board of Appeals of City of Milford, 3 Conn. App. 47
(1984). Where it appears that the authority's judgment has been reasonably and fairly exercised after full hearing, the Court should be cautious about disturbing the decision of a local planning authority. Weigel v. Planning and Zoning Commission of the Town of Westport, 160 Conn. 239 (1970). The decision of such a local authority should only be disturbed if it is shown to be arbitrary, illegal or in abuse of the authority's discretion. A trial court should not substitute its judgment for that of the commission. Such substitution is error. Clapp v. South Windsor Planning and Zoning Commission,161 Conn. 580 (1971). The defendant Board maintains that this particular case is one of exceptional and unusual circumstances. The concept of what constitutes an unusual hardship or exceptional difficulty is a difficult concept for a zoning board of appeal to decide in most circumstances and usually becomes a balancing test. Chevron Oil Company v. Zoning Board of Appeals of Shelton, 170 Conn. 146 (1976).
In this case, the Board's position was to the effect that a literal enforcement of the zoning regulations would prevent any reasonable use whatsoever of the property. The Board felt that the hardship imposed was so onerous that the Board had practically little discretion to exercise and decided within the lawful limits of its discretion to grant the variance to prevent an unjust confiscation of the property. The application of the defendant Smith for a variance directed itself only to a variance relating to the size of the lot. Smith requested no variances of side yard, front or rear yard widths, height requirement or any other bulk requirement. Therefore, the residence which Smith proposed to erect on the lot would conform to the existing CT Page 168 zoning requirements in all respects except for the size of the lot on which it would be situated.
The Smith property appears to be unique on Groton Long Point. The law requires that a parcel have some hardship that is unique to it in order to be entitled to relief in the form of variances. Carini v. Zoning Board of Appeals of West Hartford, 164 Conn. 169 (1972). According to section 3.8 of the zoning regulations, any lot shown as a separate lot on the original subdivision of Groton Long Point is considered "a buildable lot." These lots were grandfathered because they could not conform with the zoning regulations of Groton Long Point enacted in 1958 and now in effect as to minimum lot size. The applicant's lot was created in 1922 and purchased by him in 1955 prior to the enactment of the minimum lot size requirements now in effect. It would appear, therefore, that the uniqueness requirement for the granting of a variance has been met. All other undersized lots on Groton Long Point are conforming because of this regulation subject to the approval of the ZBA.
The action of the Board in this case meets the requirement that variances be in harmony with the surrounding neighborhood inasmuch as any building constructed on the lot would be constructed within the "building envelope" and so be no closer to any surrounding building than would be the case on a conforming lot. Hyatt v. Zoning Board of Appeals of Norwalk, 163 Conn. 379 (1972).
The plaintiffs claim that because financial hardship was not shown, that the variance should not be granted. It was specifically stated by the Board at page 64 of the transcript.
 "I'm still left with the problem that the plaintiff has described a piece of land that's forty by one hundred, or 4,000 square feet. It's unusual because of its small size, and obviously, because of its location and because of its shape and because of its size, shape and location I think the ordinance prevents him from making reasonable use of the land. I don't think membership in the yacht club or beach rights is necessarily land use. And for that reason it seems to me that he's met his burden entitling him to a variance. And I think that I would be in favor of granting the variance, subject however, to that ten foot right of way being clear and unobstructed."
CT Page 169
At the time of the hearing before the Court, after the plaintiffs had taken evidence outside the record, as earlier allowed by the Court, counsel for the plaintiffs abandoned any claim that the Board considered evidence after the close of the public hearing and any irregularities in a claimed rump meeting, and the Court therefore gives that matter no consideration.
As to the issue raised by the plaintiffs claiming error by the incorporation of letters received at a previous public hearing, the Court observes that the hearing at which time certain letters were received was on exactly the same application and issues before the Board on August 23, 1988, and not held solely because of a lack of adequate notice. The letters were a matter of public record and were available for inspection by the plaintiffs and others. The Board was presented these letters anew at the August 23, 1988 hearing by request of Smith's counsel. No authority is presented to the Court to support the proposition that the consideration of these letters was in any way inappropriate or improper. The variance was granted because, unless it was granted, Smith could make no reasonable or realistic use of his land. The hardship was created by the municipality, not by Smith. Failure to grant the variance would have resulted in an appeal of the Board's ruling on Smith's appeal of the zoning official's ruling and/or a suit for compensation against the Association.
The claim by plaintiffs of lack of subject matter jurisdiction was not touched on in plaintiff's brief and is considered abandoned.
The record does not sustain the claim by plaintiffs that any member of the Board had a personal or financial interest in the Smith application.
The action of the Board was eminently reasonable. The appeal by the plaintiffs is denied.
AUSTIN, J.