JOSEPH HAWKES ET AL. *v.* TOWN PLAN AND ZONING
COMMISSION OF THE TOWN OF FARMINGTON ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued December 7, 1967—decided March 6, 1968

*Arnold M. Schwolsky,* for the appellants (plaintiffs).

*Edward R. Doyle,* for the appellee (defendant Pentad Corporation).

*Palmer S. McGee, Jr.,* for the appellee (named defendant).

THIM, J.   The defendant Pentad Corporation wants to construct garden-style apartments on a sixty-two-acre tract of unimproved land which it owns on the west side of West Avon Road in Farmington.   It petitioned the defendant commission to change the zone of its tract from R.30, a residential zone, to R.A., a restricted apartment zone.   The commission, after a public hearing, voted to grant the change of zone.   The plaintiffs, who own property in the immediate vicinity of the Pentad property, appealed to the Court of Common Pleas, challenging the action of the commission.   The Court of Common Pleas dismissed the plaintiffs' appeal, and the present appeal followed.

The plaintiffs claim that the trial court erred in deciding that the action of the commission was not arbitrary, illegal and in abuse of its discretion. More specifically they claim:   (1) The change of zone was arbitrary and was not shown to have been justified by any change of conditions since a prior change of the zonal classification of this property. (2) The action of the commission was inconsistent with the

public welfare. (3) The petition referred to in the newspaper notice of the public hearing on Pentad's petition differed from the petition which Pentad had filed. (4) The commission received and considered evidence which had not been presented at the public hearing.

Article 2, § 5, of the Farmington zoning regulations (1964 as amended) provides: "Restricted Apartment zones may be designated on the zoning map, and may also be established in any other zone by petition . . . ." As the regulations themselves provide for the establishment of R.A. zones, they are part of the comprehensive plan and are not violative of that plan.[1] *Miss Porter's School, Inc.* v. *Town Plan & Zoning Commission,* 151 Conn. 425, 427, 198 A.2d 707. The R.A. zone is an example of the zoning concept sometimes referred to as a "floating zone." 1 Rathkopf, Law of Zoning and Planning (3d Ed., 1967 Cum. Sup. [p. 162]) p. 9-10. Because the exact location and boundaries of such a zone can be left to future determination, it has been described as "a zone without boundaries." *Summ* v. *Zoning Commission,* 150 Conn. 79, 90, 186 A.2d 160.

When the commission granted the change of zone, it altered the zone boundaries of the area by carving a new zone out of an existing one. *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 73, 167 A.2d 454. The alteration of zone boundaries by a zoning commission is a legislative function. *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, 10, 202 A.2d 241. In performing this legislative function, the zoning commission has broad legislative discretion, and the rule which

---

[1] No question has been raised as to the validity of these regulations themselves.

states that such a commission should not ordinarily change the zoning classification of an area in the absence of changed conditions will only be applied if it appears that the commission is acting arbitrarily. *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 209, 230 A.2d 606.

It is the plaintiffs' contention that the commission acted arbitrarily in granting the change of zone in view of the fact that, only five years earlier, the commission had, on its own initiative, upgraded the zoning classification of the property in this area, including the tract now owned by Pentad. See *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* supra. The plaintiffs claim that there has been no change of circumstances since that time to justify the present change of zone.

The record discloses that a number of new factors have arisen since 1961 which support the action taken by the commission. The new state medical-dental school is under construction in the town of Farmington. A substantial redevelopment project is under way in the community. Farmington will be connected by three exits to a new interstate high-way complex. Such changes, which alter the overall character of the town, affect every part of it. There is now a greater need for multiple dwelling units in the town than there was in 1961. Article 2, § 5 (3), of the Farmington zoning regulations (1964 as amended) provides: ". . . No R.A. zone will be . . . approved unless there is provided public sanitary sewers and clear evidence of safe and satisfactory means of providing water supply." In 1961, an adequate water supply and public sewers were not available in this area, and therefore an intensified residential use was not feasible. Since 1961, however, these facilities have been made available in

this area, thus making the contemplated use possible. The Court of Common Pleas did not err in deciding that the decision of the commission was not arbitrary.

The plaintiffs claim that the action of the commission in granting the change of zone was inconsistent with the public welfare. How the public welfare would best be served was a decision within the discretion of the commission. *Ferndale Dairy, Inc.* v. *Zoning Commission,* 148 Conn. 172, 175, 169 A.2d 268. The courts will not interfere with that decision unless it is shown to be arbitrary, illegal or in abuse of the commission's discretion. The plaintiffs had the burden of proving this to be the case. *Chucta* v. *Planning & Zoning Commission,* 154 Conn. 393, 394, 225 A.2d 822; *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 699, 220 A.2d 274. This they failed to do.

The plaintiffs claim that, although Pentad in its petition requested only a change of zone from R.30 to R.A., the newspaper notice recited that Pentad also sought a change of the comprehensive plan from low-density residential to high-density residential. The plan mentioned in the newspaper notice undoubtedly referred to the plan of development adopted by the commission in June, 1964. Such a plan of development is also called a master plan. See *Mott's Realty Corporation* v. *Town Plan & Zoning Commission,* 152 Conn. 535, 538, 209 A.2d 179. The master plan contains the recommendations by the planning commission of the most desirable use of land. Ibid. Such recommendations are merely advisory. *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 473, 226 A.2d 509. In Farmington, the defendant commission functions in both planning and zoning. Since its duties in each

category are separate yet related, it did not act improperly in giving public notice that it would consider a change in its master plan. The notice which the commission caused to be published fairly and sufficiently apprised those who might be affected by the action proposed to make possible intelligent preparation for participation in the hearing. *Passero* v. *Zoning Commission,* 155 Conn. 511, 515, 235 A.2d 660.

The plaintiffs' final claim is that the commission improperly received and considered certain evidence after the public hearing. Following the public hearing, the commission voted to table Pentad's petition and requested the town planner and the town engineer to obtain additional information as to existing and proposed topography, all proposed structures, planting plans, heating plans, and final water-pipe sizes. The information requested by the commission was within the scope of the detailed plans presented at the public hearing. Supplemental information furnished to the commission by the Unionville Water Company assured the commission that the company intended to furnish water to the site and that there would be no loss of water pressure. The company further indicated that it was too early to determine the size of pipes which were to be installed on the land. It stated, however, that it intended to use all or part of Pentad's new water mains in the overall distribution system and to instal a size greater than Pentad's needs. The commission also received supplemental information concerning the planting plans. Because the commission is composed of laymen, it is entitled to professional technical assistance in carrying out its responsibilities; *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639, cert.

denied, 358 U.S. 894, 79 S. Ct. 155, 3 L. Ed. 2d 121; and because the plaintiffs do not claim that they were prejudiced by the commission's consideration of this supplementary information, we cannot say that the commission acted arbitrarily, illegally or in abuse of its discretion. *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 251, 230 A.2d 595.

There is no error.

In this opinion the other judges concurred.