[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a zoning appeal brought pursuant to Section 8-8 of the Connecticut General Statutes.
Plaintiffs' appeal from defendant's decision to deny their applications for subdivision and special permits to construct a single family elderly housing development on their property which fronts Routes 25 and 111 in Trumbull, Connecticut. [Plaintiffs' Exhibits A and B (deeds to the property); Exhibit D (zoning map)].
Defendant claims that taken together, plaintiffs' applications constitute a request for a "floating zone", a request over which the commission can exercise great discretion because it requires the commission to act in a legislative (as opposed to an administrative) capacity. Defendant argues that this discretion enables it to deny an application which otherwise CT Page 4905 meets the conditions of a special permit.
At a hearing on July 31, 1990, the court found the plaintiffs statutorily aggrieved.
 A floating zone is a special detailed use district of undetermined location in which the proposed kind, size and form of structures must be preapproved. It is legislatively predeemed compatible with the area in which it eventually locates if specified standards are met and the particular application is not unreasonable. Chatham Corporation v. Beltram, 243 Md. 138, 149, 220 A.2d 589; 2 Anderson, American Law of Zoning 12.11. It differs from the traditional "Euclidean" zone in that it has no defined boundaries and is said to "float" over the entire area where it may eventually be established. Bigenho v. County Council, 248 Md. 386, 391, 237 A.2d 53.
 While the concept of a floating zone is similar to the established power of a zoning board to grant special exceptions, the two types of regulation may be distinguished. The special exception is the product of administrative action, while the floating zone is the product of legislative action. 1 Anderson, American Law of Zoning 5.16. Further, if a landowner meets the conditions set forth for a special exception, the board is bound to grant one, but in the case of a floating zone discretion is maintained and additional limitations may be imposed — more control is retained by the zoning board because it is acting legislatively. "The Connecticut Law of Zoning (Part A)," 41 Conn. B.J. 262, 293.
 Unlike the special exception, when a zoning board grants an application requesting it to apply a floating zone to a particular property, it alters the zone boundaries of the area by carving a new zone out of an existing one. Hawkes v. Town Plan Zoning Commission, 156 Conn. 207, 209, 240 A.2d 914.
Sheridan v. Planning Board, 159 Conn. 1, 16-17 (1969). CT Page 4906
In the case at bar, plaintiffs did not request a "floating zone"; on the contrary, these words (suggesting that what was before the commission was a change of zone rather than a special permit) first appear in defendant's brief. Plaintiffs have no need to request a floating zone "to alter the zone boundaries of the area", because their land is already located in a residential zone. [Plaintiffs' Exhibit D: R. 14 (Zoning Map of Trumbull)]. "All of the land in an RRA-E (Restricted Residential Area-Elderly) shall be situated in an area which is classified as a Residence Zone. . ." Trumbull Zoning Regs., Art. XIII, Sec. 3, Pt. B (as amended 1987). The court finds that the plaintiffs need not, and did not, request a "floating zone" as their land is already situated in the proper zone.
"If a landowner meets the conditions set forth for a special exception the board is bound to grant one, but in the case of a floating zone, discretion is maintained and additional limitations may be imposed. . ." Sheridan, 159 Conn. at (6.). Since the case at bar does not concern a floating zone, the commission was acting in its administrative capacity and, as such, had no alternative but to approve the plaintiffs' applications if they complied with the applicable regulations.
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily or in abuse of discretion. Raybestos Manhattan, Inc. v. PZC,186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. PZC, 189 Conn. 261, 265 (1983).
The defendant gave four reasons for the denial of the plaintiffs' subdivision application. The first was that, "it would be detrimental to public, safety and welfare." In RK Development Corporation v. Norwalk, 156 Conn. 369, the following reasons were given for disapproval of the plaintiff's subdivision. "The safety for the sake of the children as well as the people living up there; the welfare of the community and also health hazards." The trial court sustained the plaintiff's appeal and the Supreme Court in affirming stated:
The reason given by the council for its disapproval was vague, uncertain in meaning and provided no information to the plaintiff to enable it to know wherein the plan submitted failed to satisfy the requirements of the regulation.
There is no subdivision regulation here that would authorize I the commission to deny a subdivision application because it would be "detrimental to the public health, safety and welfare." CT Page 4907
The second reason that, "it would result in increased traffic in an already congested area", has no basis in the regulations and may not be used to deny the plaintiffs' application.
The third reason assigned by the commission in denying the plaintiffs' subdivision application is: "The character of the land is such that it is unsuitable for the density proposed." There is no evidence in the record to support this conclusion.
The final reason for the denial of the plaintiffs' subdivision application is that "It would have a severe negative impact on the wetlands as indicated in the report from the Inland Wetland and Watercourses Commission." Again, there is no subdivision regulation that would authorize denial for the above reason.
The court finds none of the above reasons for denial of plaintiffs' subdivision supported by the record and sustains the plaintiffs' appeal from the denial of their subdivision application.
The defendant Commission gave six reasons for the denial of the plaintiffs' application for a special permit.
The first reason cited by the commission was: "The density proposed would be incompatible with adjacent areas and would not maintain the character of the neighborhood." Said reason is not supported by the record and the court finds that the plaintiffs' application satisfied the requirements of the regulations.
The second reason for the commissions denial was: "The Commission determined that this application would not satisfy the conditions and standards set forth in the regulations for a special permit." The court agrees with the plaintiffs that "This is no reason at all." It is vague, uncertain and meaningless.
The third reason offered by the commission for denial was: "Probable blasting on this site would be detrimental to the area." This reason is not referable to any regulation and there is nothing in the record to support said conclusion.
The fourth reason for denial was: "It would be detrimental to the public, health, safety and welfare and result in increased traffic in an already congested area." Said reasons are not referable to any provision in the RRA-E Regulations and there is CT Page 4908 nothing in the record to support said conclusions.
The fifth and sixth reasons are no longer applicable due to subsequent court actions.
At the hearing before the court on July 31, 1990, the defendant claimed for the first time that plaintiffs have failed to comply with two of the Town of Trumbull's many RRA-E Zoning Regulations, namely Sections 4B and 11 which respectively state:
 No person who is under the age of fifty-five (55) years shall use or occupy any dwelling unit on a permanent basis or for a period or periods totaling more than three months during any calendar year. Any conveyance of a parcel of land in this district shall contain a restriction for use as set forth above.
 All interior streets and utilities shall be owned and maintained by the applicant, owner, or an Association of Unit Owners.
The record reflects that plaintiffs have complied with said regulations.
The Declaration of River Ridge Valley [R. 2c] Article X, Section 10.1(b) specifically states:
 No person who is under the age of fifty-five (55) years shall use or occupy any dwelling unit on a permanent basis or for a period or periods totaling more than three months during any calendar year.
This language is identical to that used in the zoning regulation.
Although the record reflects that this language appears in a "preliminary draft" of the declaration, the record also reflects plaintiffs' promise to keep "the limitations of occupancy exactly as it appears in the regulation" in the final declaration. [R. 5, p. 37] Furthermore, once the development is built, the condominium documents can be modified (if necessary) to comply with the town's RRA-E occupancy regulations. The claimed noncompliance is merely speculation.
Defendant also claims that one of the project's interior streets, Fox Road, is a public not a private road in violation of Section 11 of the RRA-E Regulations. However, said regulation states, "All interior streets. . .shall be owned and CT Page 4909 maintained by the applicant. . . ."
The record reflects that Fox Road merely bisects the development, providing access by public road to the private, interior streets of River Ridge. (R. 6h). The town's planning and zoning review for the project specifically designated Fox Road "a collector road for through traffic" — not an interior street. (R. 61). Accordingly, the applicants have complied with said regulation.
The Court finds that the plaintiffs' applications complied with all the provisions of the zoning regulations and as such, the defendant commission acted illegally and arbitrarily in denying the plaintiffs' applications.
The appeal is sustained and the defendant commission is directed to issue to the plaintiffs the requested subdivision approval and special permit, subject to such reasonable conditions as the commission may impose.
DEAN, J.