[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to Conn. Gen. Stat. 8-8 from a decision rendered by the Torrington Planning Zoning Commission ["commission"] on July 18, 1990. The plaintiff, Dominick Colossale, appeals the Commission's decision to rezone his 65 acre parcel of land from R-10 (one family residence zone-minimum lot size 15,000 square feet) and R-6 (general residence zone — minimum lot size 6,000 square feet) to R-60 (outlying residence zone-minimum lot size 60,000 square feet).
On March 31, 1990 and on April 6, 1990, the Commission published a legal notice, indicating that it would hold a public hearing on April 12, 1990 for the purpose of hearing testimony on a proposed new zoning map and related amendments. (Record, Item 1). The notice indicated that the proposed zoning map would affect virtually the entire City of Torrington and was similar to the land use map recently adopted as the City's plan of development. Id. Public hearings were held on CT Page 6923 this matter on April 12, April 26, and May 10, 1990. (Record, Items 1, 4, 6) Following a special meeting on July 18, 1990, the Commission adopted the revised zoning maps and related amendments to be effective on July 25, 1990. (Record, Item 16). Notice of the Commission's decision was published in the Register Citizen on July 24, 1990 (Record, Item 15).
Thereafter, on August 9, 1990, the plaintiff filed this appeal. The plaintiff appeals on the basis that the Commission acted illegally arbitrarily, and in abuse of its discretion when it: (1) made comprehensive rezoning decisions for the City of Torrington, despite the fact that the plaintiff, through his attorney, raised specific objections at the public hearing to the rezoning of his property; (2) failed to state upon the record its reasons for the zone change; (3) made a re-zoning decision with respect to the plaintiff's property which was not supported by the evidence before it; (4) prejudged and predetermined the zone change for the plaintiff's property; and (5) made a zone change with regard to the plaintiffs property without due regard for the existing character and development of the neighborhood within which the plaintiff's property lies.
AGGRIEVEMENT
Aggrievement is a prerequisite to maintaining an appeal. See Huck v. Inland Wetland and Watercourses Agency, 203 Conn. 525, 530-531
(1987); Conn. Gen. Stat. 8-8 (a). Since the plaintiff is the owner of the subject property he is thereby aggrieved and entitled to appeal. See Bossert Corporation v. Norwalk, 157 Conn. 279, 285 (1968).
A zoning authority must be able to amend its regulations whenever the circumstances or conditions reasonably indicate the need for change. First Hartford Realty Corp. v. Plan Zoning Commission, 165 Conn. 533,544 (1973). When enacting zone changes, a Commission acts in its legislative capacity. Arnold Bernhard Co. v. Planning Zoning Commission,194 Conn. 152, 164 (1984). Wide and broad discretion is vested in the Commission when it acts as a legislative body. Anastasiou v. Zoning Commission, 6 Conn. App. 278, 283 (1986); Burnham v. Planning Zoning Commission, 189 Conn. 261, 266 (1983). Such discretion is, for example, much broader than the discretion the Commission has when it acts in an administrative capacity. Parks v. Planning Zoning Commission,178 Conn. 657, 660 (1979); Malafronte v. Planning Zoning Board,155 Conn. 205, 209 (1967). A court cannot substitute its judgment for the wide and liberal discretion enjoyed by a zoning authority acting within its prescribed legislative capacity. Hahn v. Zoning Commission,162 Conn. 210, 214 (1972). A reviewing court will not interfere with a decision to enact a zone change unless it is shown to be arbitrary, illegal or in abuse of its discretion, Hawkes v. Town Plan Zoning Commission, 156 Conn. 207, 211 (1968). The burden of proof in such cases falls upon the plaintiff. Id. at 211. Courts are authorized to overturn a local zoning authority's zone change as an abuse of discretion only in those rare instances where the zoning amendment is patently arbitrary. CT Page 6924 Parks, 178 Conn. at 663; Malafronte, 155 Conn. at 209. In determining whether a zone change was patently arbitrary, the court cannot test the credibility of witnesses or determine the issues of fact. Such concerns are solely within the Commission's province. Calandro v. Zoning Commission, 176 Conn. 439, 440 (1979). The question is not whether the court would have reached the same conclusion, but whether the Commission's decision deviates so far from applicable laws and the record presented as to be patently arbitrary. Parks, 178 Conn. at 663. It is well settled that the court cannot substitute its judgment for that of the Commission in making this determination. Burnham, 189 Conn. at 266. When acting in a legislative capacity, the Commission is not required to state more than one reason that is supported by the record. "If any reason called from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." Parks, 178 Conn. at 662-663 (emphasis added). Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 416 (1987).
 I
The plaintiff first asserts that the Commission is required to rule separately and distinctly with regard to any specific zone change proposal to which specific objections have been brought to the Commission by a landowner affected by the proposed change. The plaintiff relies on Norris v. Planning and Zoning Commission, 156 Conn. 592 (1968) and Wojnar v. Enfield Planning and Zoning Commission, 9 Conn. Law Trib. No. 33, p. 12 (Super.Ct., August 15, 1983, Murray, J.) for the proposition that a single general decision which does not specify or distinguish the areas to be rezoned is insufficient when a Commission undertakes the task of massive rezoning.
The Commission counters that the plaintiff's reliance on Norris is misplaced because the statutes dealing with the amendment of zones do not require a separate and distinct ruling. Conn. Gen. Stat. 8-3 (c) sets forth the procedure to be followed by a Commission when it establishes or changes zoning regulations and provides in pertinent part that:
 All petitions requesting a change in the regulations or the boundaries of zoning districts shall be submitted in writing and in a form prescribed by the commission and shall be considered at a public hearing within the period of time permitted under section 8-7d. The commission shall adopt or deny the changes requested in such petition. Whenever such commission makes any change in a regulation or boundary it shall state upon its record the reason why such change is made. . . .
The plaintiff through his attorney was permitted at the public hearing to address the Commission regarding the zone changes proposed for CT Page 6925 his property. (Record, Item 5, pp. 37-41). Moreover, while the Commission responded to the plaintiff's concerns, it also put forth a reason why the plaintiff's property was being rezoned. (Record, Item 5, p. 39). Specifically, the Commission through Mr. McGuiness, the City Planner for the City of Torrington, stated that "the rationale behind it (the proposed zone change) was the slopes in that area are extremely steep and it was felt it would be very difficult to even get a road up there and still meet the twelve percent grade without just clear-cutting half of the mountain that that area is in." (Record, Item 5, p. 40).
Conn. Gen. Stat. 8-2 sets out the criteria on which zoning regulations must be based and provides in pertinent part that:
 . . .[s]uch regulations shall be made in accordance with a comprehensive plan and shall be designed to. . .facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. . .Such regulations shall also encourage the development of housing opportunities for all citizens of the municipality consistent with soil types, terrain and infrastructure capacity. . . .(Emphasis added).
The Commission, acting in its legislative capacity, was not required to provide the plaintiff with a separate ruling with regard to the proposed zone change for his property.
 II
The plaintiff next argues that the Commission was required to state upon its record the reason(s) for which the zone change of the plaintiff's property was made. The plaintiff maintains that Conn. Gen. Stat. 8-3 (c) is mandatory rather than directory. The issue of whether section 8-3 (c) is mandatory or directly need not be addressed by this court because the court is required to search the record to determine the basis for the decision by the Commission. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, 607-608 (1990), The record here indicates that the Commission gave the proposed change of zone a thorough examination. Three public hearings were held on this matter. (Record, Items 3, 5 and 7). In addition the Commission held seven special meetings to consider the zone changes. (Record, Items 8, 9, 10, 11, 12, 13 and 14). The Commission when acting in a legislative capacity, is not required to state more than one reason that is supported by the record. Parks, 178 Conn. at 662-663. The record contains ample reasons as to why the Commission proposed comprehensive zone changes for the City of Torrington. "The proposed zoning map affects virtually the entire city and is similar to the land use map recently adopted as part of the city's plan of development. . . . The proposed changes in the zoning regulations are to establish the permitted uses in the new zones and the restriction on lot sizes, heights, lot widths and setbacks in the new zone." (Record, Item 1). CT Page 6926
 III
The plaintiff next argues that the Commission acted arbitrarily by making a rezoning decision with respect to his property that was not supported by the evidence before it. The plaintiff contends that the reasons advanced by Mr. McGuiness are insufficient to support adequately the zone change of his property. As noted above, Mr. McGuiness stated, at the public hearing, that the steep slopes in the area would make putting a road without clear-cutting extremely difficult.
The plaintiff argues that he will be bound by road grade regulations in any event and therefore it was improper for the Commission to consider this issue in adopting the new zoning map.
The Commission counters that while it is true that the issue of the grade of any proposed road could be considered in a subdivision application, it is not precluded from considering the topography of an area in a zone change.
In light of the requirements of 8-2 that the Commission consider issues of transportation and topography, the Commission did not act arbitrarily and was presented with evidence to approve the zone change.
 IV
The plaintiff next argues that the Commission pre-judged and pre-determined prior to the public hearing, its final decision regarding the zone change for his property, as well as its decision regarding the rezoning of the entire City.
Hearings before administrative agencies, although informal and conducted without regard to the strict rules of evidence, "must be conducted so as not to violate the fundamental rules of natural justice." Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 536
(1987). The application should be heard and determined by an impartial and unbiased agency. Id. While it is true that neutrality and impartiality of members of administrative boards and commissions are essential to the fair and proper operation of these bodies, an allegation of bias must be supported by some evidence proving probability of bias before an official can be faulted. Id. at 536-37. Because public officers, acting in their official capacities, are presumed, until the contrary appears, to have acted legally and properly, the burden on such a claim rests upon the person asserting it. Id. at 537.
The plaintiff has failed to meet his burden of proof that the Commission's decision was prejudged or predetermined.
Lastly, the plaintiff claims that the Commission acted arbitrarily insofar as it rezoned his property without due gerad for the existing CT Page 6927 character and development of the neighborhood within which his property lies. The Commission properly considered factors such as the topography of the plaintiff's property and its decision cannot be said to be patently arbitrary. Parks, 178 Conn. at 663.
Accordingly, for the foregoing reasons, the plaintiff's appeal is dismissed.
SUSCO, J.