[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Factual Background
The plaintiff, Nassau Wood Industries, Inc., (hereinafter, "Nassau Wood"), has appealed from a decision of the defendant, CT Page 6154 Planning and Zoning Commission, Town of Plainville (hereinafter, "the commission"), denying its application for approval of a site plan for the construction of an industrial warehouse building adjacent to an existing manufacturing facility it owns on a parcel of land situated west of North Washington Street in Plainville. For the reasons stated, the appeal is sustained.
On May 20, 1992, Nassau Wood applied to the commission for approval of the site plan for the property, located in a general industrial zone. Nassau Wood's application was considered at a public hearing on June 23, 1992. On September 22, 1992, following negative comment from residents of properties adjoining the site, the commission voted to deny the application. In its Notice of Decision sent to Nassau Wood, the commission stated as follows:
 The Commission denied w/o prejudice citing of (sic) the following: excessive height and size of building in contrast to owners uncertainty of need; and improper or insufficient screening for abutting residential property owners. You are invited to reapply immediately with the understanding that these items will be taken into consideration.[1]
This appeal followed.
Analysis
General Statutes § 8-3(g) provides that "A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations." It is, of course, well settled that in reviewing the commission's denial of the Nassau Wood site plan, the court is not permitted to substitute its discretion for the discretion conferred on the commission. Nor should the court engage in a "microscopic search for technical infirmities." McCrann v.Town Planning and Zoning Commission, 161 Conn. 65, 71 (1971); General Statutes § 4-183(j).
At the same time, it is established that in reviewing a site plan for a use permitted in a zone by right, a zoning commission has no independent discretion beyond determining whether the plan complied with applicable regulations. Carr v.CT Page 6155Bridgewater, 224 Conn. 44, 55 (1992); Allied Plywood, Inc. v.Planning Zoning Commission, 2 Conn. App. 506, 512 (1984). The commission acts in an administrative capacity. Goldberg v.Zoning Commission, 173 Conn. 23, 29 (1977).
The designation of a use of property as a use permitted by right under the zoning regulations establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on property values or the general harmony of the district. TLC Development,Inc. v. Planning Zoning Commission, 215 Conn. 527,533 (1990). In this case, the use proposed by the plaintiff is fully permitted in the general industrial zone; no special permit is required.
There is no support in the record for the commission's denial of the application due to size and height requirements. To the contrary, the record indicates that the proposed building meets all size and locations requirements of the zone. The maximum allowed height in the general industrial zone is 60 feet. Plainville Zoning Regulations, Section 400. The plaintiff proposed slightly over 24 feet. The zoning regulations do not restrict the maximum size of buildings in the general industrial zone. Plainville Zoning Regulations, Section 400. Moreover, during the public hearing, the following colloquy took place between the chairman and the town planner:
 Mr. Santacroce, "Mark a question for you now, this building as far as the height, it meets the height requirements."
Mr. DeVoe, "Yes it does."
 Mr. Santacroce, "How about the coverage requirements."
Mr. DeVoe, "It complies with that."
Mr. Santacroce, "It complies with everything."
Subsequently, at the September meeting, the commission was advised that it might not be able to restrict the proposal beyond "what's normally allowed within [the] regulations." Record, Exhibit f, 15. The chairman responded, "We could try it, Mark." Record, Exhibit f, 15. CT Page 6156
The question thus becomes whether the commission acted lawfully in denying the application for the second reason stated, due to "improper or insufficient screening for abutting residential property owners."
The Plainville Zoning Regulations specifically authorize the commission to require landscaped screening in the general commercial, restricted industrial and technology park zones when property abuts a residential zone, as is the case in this matter. Plainville Zoning Regulations, Sections 525, 545 and 551. There is no similar requirement with respect to such properties in the general industrial zone. Site plan approval is a matter of right when an application conforms to the requirements "already set forth in the zoning regulations." General Statutes § 8-3(g).
The commission argues, however, that Section 620 of the regulations provides a basis for the commission's action. Section 620, "Guides to the Commission in Considering Site Plans," states as follows in relevant part:
 In considering any site plan the Planning and Zoning Commission shall be guided by the following:
 7. Location and type of display signs and lighting, loading zones and landscaping and screening.
The commission claims that this general provision provides a basis for the commission's denial for improper or insufficient screening insofar as the commission was performing in its legitimate and important function of protecting the privacy of abutting residential property owners and protecting their property values. The commission also claims that no regulation could adequately set forth "rigid" screening standards regulating the multitude of factors involved in different projects.
The flaw in the commission's argument is that the regulations provide no criteria whatever upon which the commission should rely, and upon which Nassau Wood can depend, in evaluating the propriety of any screening plan proposed. Section 620's bald directive that the commission shall "be guided by" various factors, including screening, is not sufficient to CT Page 6157 plug this gap. Such a statement of general objectives does not provide sufficient guidance to applicants such as Nassau Woods.TLC Development, Inc. v. Planning and Zone Commission,215 Conn. 527, 533 (1990). (In a case in which the commission denied a site plan application because of off-site traffic concerns, a regulation's statement of a general objective cannot serve as the basis for denial of an application, but only a reason for requiring a modification.) Cf. Barberino Realty Development Corp. v. Planning and Zoning Commission, 25 Conn. App. 392,400 (1991), rev'd on other grounds, 222 Conn. 607
(1992). (General standards for consideration in the issuance of a special permit not a proper substitute for site plan regulations stated with sufficient specificity.) As the regulations are presently constituted, Nassau Woods could repeatedly seek site plan approval and repeatedly be rejected by the commission for the same reason given in the Notice of Decision, and Nassau Woods would be no more enlightened about what screening it must provide to gain approval.
Regulations without any standards are void and/or unconstitutional. Powers v. Common Council of City of Danbury,154 Conn. 156, 161 (1966). Fixed standards must exist applying to all cases of a similar nature. Sonn. v. Planning Commissionof City of Bristol, 172 Conn. 156, 162 (1976); R.K. DevelopmentCorp. v. Norwalk, 156 Conn. 369 (1968). This is not to demand standards which are too inflexible to be practical. It is simply to avoid giving unlimited discretion to commissions acting on applications such as the instant one. Ghent v. PlanningCommission, 219 Conn. 511, 517-518 (1991); DuPont v. LiquorControl Commission, 136 Conn. 286, 289 (1949). The regulations must be "reasonably precise" and "reasonably adequate . . . to guide the commission and to enable those affected to know their rights and obligations." Helbig v. Zoning Commission of Noank,185 Conn. 294, 307-08 (1981).
In light of the lack of standards relating to screening requirements in general industrial zones, the commission was acting beyond its authority when it denied the application due to "improper and insufficient screening." Because the record does not support the commission's actions refusing the application due to size and height requirements, and because the regulations provide no guidance as to screening requirements in general industrial zones, it is the court's conclusion that the commission's denial of the application was clearly erroneous in view of the record, affecting substantial rights of Nassau Wood. CT Page 6158
For the reasons stated above, the appeal is sustained and the commission is ordered to approve the application.