[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter, the owner of property located at 14 Kathy Drive, Seymour, Connecticut alleges in her complaint generally that she is the owner of land as located and described in Count One of her complaint. In Count Two she alleges that the defendant, an abutting property owner at 16 Kathy Drive has since January 1, 1999, trespassed upon her property and on occasion deposited trash thereon. The defendant in his response to the complaint denies committing any trespass and as a special defense filed without objection immediately prior to trial (docket entry 105/106) a disclaimer of any interest in any property as described in the first count of the complaint. Such claim was filed pursuant to Section 47-31 (d)(e). Count One requesting a judgment in the nature of a title determination is therefore no longer before the court except to enter judgment in favor of the plaintiff as to the property described therein. Accordingly, judgment for the plaintiff may enter on Count One. Pursuant to Section 47-31 (c) no costs shall be allowed the plaintiff or the defendant in connection with the First Count.
The testimony adduced at the trial indicates that the parties co-existed as neighbors without incident until 1998 when the defendant erected a deck attached to his residence which violated the sideline requirements between the adjacent properties. The defendant had obtained a variance for the construction. It was thought at that time by the defendant that pine trees growing in a line from front to back between the houses of the parties constituted the boundary line (see P. Ex. 14, 16) but the plaintiff disputed this and the issues regarding the actual boundary line arose. The plaintiff had the property surveyed and the property line was found to be as indicated in Plaintiff's Exhibit 14. Clearly the row of trees is well within the bounds of the plaintiff's property. It is the claim of the plaintiff that the defendant thereafter continued to dump grass clippings on the plaintiff's side of the property line. The plaintiff then erected a fence extending from the street side of the property to a point somewhat short of the rear boundary line CT Page 2905-af between the two properties as shown in Plaintiff's Exhibit 21. This fence, however, is located about one foot inside the plaintiff's property line leaving a piece of property approximately a foot wide for the length of the fence. This makes it impossible for the plaintiff to access or maintain this space without trespassing upon the defendant's property. The evidence also discloses that the defendant in an effort to improve the appearance of this strip installed mulch and flagstones but upon learning of the location of the property line removed the flagstone. (See P. Ex. 25-26.)
The plaintiff, by locating the fence only a foot or so on her side of the property line, necessarily precludes her from attending to this portion of her property without trespassing upon defendant's property. Therefore, the court concludes that the plaintiff has waived any right to claim a trespass on the part of the defendant in his attempts to improve the appearance of the strip as it was created by the plaintiff by her location of the fence.
The determination of the court that the plaintiff has waived any claim of trespass is somewhat akin to a determination that an easement of necessity has been created by actions of the plaintiff in her location of the fence, although of course there is not the transfer of a property interest necessary to the creation of easement of necessity. SeeHollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 401. See alsoProsser, Torts, [4th Evidence.] p. 591. This so-called waiver of the plaintiff's right to claim a trespass on the part of the defendant may be revoked at any time by the plaintiff who is free to move or remove the fence so as to permit her own maintenance of the 12-inch strip as she sees fit. The court concludes that the plaintiff has established by the preponderance of the evidence that the defendant has on occasion since June 1, 1999 trespassed upon the plaintiff's property although such trespass as occurred was nominal. The court awards the plaintiff $100 plus the allowable costs on the Second Count of her complaint.
As to the counterclaim put forth by the defendant regarding tree branches overhanging his property he is free to lop off any branches up to the line of his land. McCrann v. Town Plan and Zoning Commission,161 Conn. 65, 75. Since the defendant could have done this at any time following the planting of the trees, his waiting until the trees grew thus making any desirable trimming more expensive is contrary to his obligation to mitigate damages and accordingly judgment in favor of the plaintiff on the counterclaim is hereby entered.
 George W. Ripley II Judge Trial Referee
CT Page 2905-ag
[EDITORS' NOTE: This page is blank.] CT Page 2905-ah