## WILLIAM C. BARON ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF HADDAM (8446)

SPALLONE, NORCOTT and CRETELLA, JS.

Argued April 18—decision released July 3, 1990

*Thomas P. Byrne,* for the appellant (named defendant).

*Scott W. Jezek,* for the appellees (plaintiffs).

CRETELLA, J. The named defendant, Haddam planning and zoning commission (commission), appeals from the judgment of the trial court sustaining the plaintiffs' appeal from the commission's denial of their application for approval of a two lot subdivision in the town of Haddam. The dispositive issue is whether the court improperly substituted its interpretation of the zoning regulations for that of the board. We find that it did and we reverse.

The basis for the commission's denial of the plaintiffs' application was its interpretation of § 13.1.14 of the Haddam zoning regulations which provides in pertinent part that "[t]he minimum lot area shall consist of one contiguous acre of land . . . capable of accommodating a rectangle, between the front and rear yard setback lines, with a minimum side length of 150 feet . . . ." The commission interpreted that regulation to require that each side of the rectangle have a minimum length of 150 feet. The rear portion of both of the lots in the plaintiffs' proposed subdivision did not meet the 150 foot minimum side length requirement.

In disposing of an application for a subdivision, the commission acts in an administrative capacity. *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 190, 239 A.2d 534 (1968). In passing on subdivision plans, the commission is controlled by the regulations it has adopted, and, if the plans conform to the existing regulations, the commission has no discretion or choice but to approve them. *Westport* v. *Norwalk,* 167 Conn. 151, 157, 355 A.2d 25 (1974). The commission may not put an interpretative gloss on regulations that are clear and unambiguous. *Point O' Woods Association, Inc.* v. *Zoning Board of Appeals,* 178 Conn. 364, 366, 423 A.2d 90 (1979). On the other hand, "[t]he full panoply of principles of statutory construction are available to aid in the construction of [ambiguous] local ordinances." *East Lyme* v. *Waddington,* 4 Conn. App. 252, 259 n.2, 493 A.2d 903 (1985).

General Statutes § 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations. *Toffolon* v. *Zoning Board of Appeals,* 155 Conn. 558, 560, 236 A.2d 96 (1967); see *Krawski* v. *Planning & Zoning Commission,* 21 Conn. App. 667, 670, 575 A.2d 1036 (1990). The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 117, 186 A.2d 377 (1962). The plaintiffs have the burden of showing that the commission acted improperly. *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 707, 535 A.2d 799 (1988). The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal; *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988); *McCrann* v. *Town Planning & Zoning Commission,* 161 Conn. 65, 70–71, 282 A.2d 900 (1971). It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 654, 427 A.2d 1346 (1980); *Molic* v. *Zoning Board of Appeals,* 18 Conn. App. 159, 164, 556 A.2d 1049 (1989).

Section 13.1.14 requires plots within a subdivision to be capable of accommodating a rectangle with a minimum side length of 150 feet. Rectangles, by definition, have four sides, all at right angles, and the commission correctly interpreted the regulation as requiring each side of the rectangle to have a minimum length of 150 feet. We find that the regulation as written was not ambiguous.

The commission argued before the trial court that the purpose of the regulation is to create building lots of a fairly uniform configuration. It further argued that

notwithstanding the fact that lots, of such shape as those in the plaintiffs' proposed subdivision, may accommodate buildings that meet all of the other regulations relating to area, frontage, setback, front and side yard requirements, et cetera, such lots cannot be approved unless they can accommodate the prescribed rectangle. While Table 4.1 of the Haddam zoning regulations provides that lots within an R-1 zone must have 150 feet of frontage, the plaintiffs argue that there is no prescribed rear lot width and thus the regulations are ambiguous and should be construed against the drafters. The trial court accepted this reasoning, but we find no authority supporting the trial court's conclusion that "[a]mbiguities in zoning regulations should be resolved in favor of the applicant."

We find that the commission acted within its discretion in interpreting section 13.1.14 and applying its interpretation as a basis for denying the plaintiff's application. The commission's action was not unreasonable, arbitrary or illegal, but rather, was the result of honest judgment reasonably and fairly exercised. The trial court, therefore, should not have substituted its interpretation of the regulation for that of the commission. *Horn* v. *Zoning Board of Appeals,* 18 Conn. App. 674, 676–77, 559 A.2d 1174 (1989).

## II

In its brief, the plaintiffs have raised an alternative ground to support the trial court's decision and have filed a preliminary statement of issues stating that alternative ground.[1] *State* v. *Hodge,* 201 Conn. 379, 383, 517 A.2d 621 (1986). The alternate ground claimed by the plaintiffs is that their application was for a *resubdivision* and that, since the board did not commence a public hearing within sixty-five days after receipt of the application, the trial court should have found that

[1] Practice Book § 4013 (a) (1).

the application was approved by operation of law. We do not review this claim.

Although the plaintiffs' complaint sets forth that no public hearings were heard on the application, it does not allege that the commission was acting on a resubdivision that would have, pursuant to General Statutes § 8-26, required a public hearing. The record does not reveal whether the resubdivision claim was argued before the trial court, but the commission represents that the claim was raised by the plaintiffs for the first time during closing argument.[2]

Although the trial court's memorandum of decision, filed August 4, 1989, concludes that the plaintiffs addressed only one issue in their brief and that all other issues were abandoned, the record indicates that on July 27, 1989, four days prior to the memorandum of decision, the plaintiffs filed with the trial court a supplemental memorandum of law addressing the issue of an automatic approval of the application. The trial court's memorandum did not address the issue and the plaintiff made no motion to rectify the memorandum or to articulate that issue.[3] "The burden of ensuring that a record is sufficient for review falls upon the party bringing the claim on appeal." *Niles* v. *Niles,* 9 Conn. App. 240, 249, 518 A.2d 932 (1986). Therefore, we do not review this claim.

The judgment is reversed and the case is remanded to the trial court with direction to dismiss the plaintiffs' appeal from the decision of the commission.

In this opinion the other judges concurred.

---

[2] Practice Book § 285A provides in relevant part that if "a party intends to raise any claim of law which may be the subject of an appeal, he must . . . state the same distinctly to the court before his argument is closed . . . ."

[3] Practice Book § 4051.