[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs F. Mark Granato and Barbara Hughes Granato appeal the decision of the defendant Wethersfield Planning and Zoning Commission approving a plan submitted by Warren G. Willsey for the subdivision of certain real property, owned by the estate of Harriet E. Johnson, located on Prospect Street and Merriman Road in Wethersfield. The commission acted pursuant to General Statutes § 8-25. The plaintiffs appeal pursuant to § 8-8. The court finds the issues in favor of the defendant commission.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The plaintiffs are owners of property abutting the property which is the subject of the commission's decision and this appeal. They are, therefore, aggrieved by the decision.
The property in question is bounded on the south by Merriman Road. Subdivision regulations provide that a boundary street right-of-way must be 50 feet in width. As accepted by the town in 1972, Merriman Road has a 50 foot right-of-way. CT Page 6300
The Johnson estate claims ownership to a .81 foot strip of land within the Merriman Road right of way, running immediately to the south of the northern boundary of the street. The plaintiffs claim ownership to a one foot strip of land within the right of way, running a course of 116 feet immediately to the south of the Johnson .81 foot strip. The Johnson estate proposes to deed the .81 foot strip to the town, so that is out of contention. The plaintiffs maintain their claim of ownership, however, and the basis of their appeal of the commission's decision is that a portion of the street is too narrow, by one foot, to permit the subdivision.
Prior to rendering its decision, the commission heard considerable evidence and argument concerning the effect of the plaintiffs' claimed ownership of the one foot strip. This included presentations from the town planner, two licensed land surveyors, the plaintiffs' attorneys, and a private landowner, Mary Piccolo. The town planner and the land surveyors, who spoke in favor of the subdivision, presented evidence that the plaintiffs' claim to the strip does not reduce the width of the town's right-of-way. In particular, James Sheehy, a licensed land surveyor, who had been employed by the town and had worked on the layout of the street right-of-way testified at the public hearing that there were no "terribly accurate surveys on the Johnson property . . . but we made sure that we ended up with the 50' on Merriman Road." He further testified that in his opinion the disputed 1 foot strip "was just encompassed into the street."
Although there is no explicit statement concerning the commission's findings and conclusions regarding the effect of the 1 foot strip, a fair reading of the minutes of the meeting is that the commission viewed that strip as within and subject to the town's right-of-way on Merriman Road. Accordingly, even if the plaintiffs have a valid claim of ownership to the strip, the commission found that it does not reduce the width of the right-of-way to less than the required 50 feet. Based on that conclusion and the fact that the subdivision plan complied in all other respects with the regulations, the commission approved the plan.
 In disposing of an application for a subdivision, the commission acts in an administrative capacity . . . In passing on subdivision plans, the commission is CT Page 6301 controlled by the regulations it has adopted, and, if the plans conform to the existing regulations, the commission has no discretion or choice but to approve them. . . .
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990).
In the present case, the commission had evidence that the town had laid out the boundaries of Merriman Road about 25 years ago; that the surveyor had measured it to be 50 feet in width; that the plaintiffs' claimed 1 foot strip is within the boundaries of Merriman Road as surveyed; that the road, including the 1 foot strip, had been in continuous use as a public right-of-way for about 25 years; and that the plaintiffs had never used the strip in any way to interfere with the town's right-of-way.
The plaintiffs have the burden of showing that the commission acted arbitrarily, unreasonably or illegally in determining that the plaintiffs' ownership of the strip of land in question did not reduce the town's right-of-way. Based on the evidence summarized above, this court cannot find that the commission was in error as claimed by the plaintiffs. There was ample and substantial evidence, essentially undisputed, to support the commission's determination and this court may not overturn it.
The appeal is dismissed. CT Page 6302
MALONEY, J.