[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant commission denying the plaintiff's application for modification of its site plan for its property on Stamm Road in Newington. The commission acted pursuant to General Statutes § 8-3 and its regulations. The plaintiff appeals pursuant to § 8-8. The court finds the issues in favor of the plaintiff.
The plaintiff is the owner of the lot that is the subject of the commission's decision and is, therefore, aggrieved by that decision.
The plaintiff operates a trash hauling business and has its main facility across the street from the lot in question. The lot is located in an "I Industrial Zone," as governed by Section 3.16 CT Page 13804 of the Newington Zoning Regulations. Section 3.16.2 requires a lot owner to obtain site plan approval from the commission before using the lot for an industrial purpose. The plaintiff proposed to use the lot for storage of empty refuse bins. Although there is a small building on the lot, the plaintiff's site plan application specified that the bins would be placed outside. The plaintiff had previously obtained approval for such use of its lot, in 1991, but the commission had imposed an eighteen-month time limit. In its present application, the plaintiff seeks an extension of the approval without any time limitation.
Following a hearing on the application, the commission denied the application. The reason asserted was that the applicable zoning regulations do not permit outside storage in an industrial zone. It is that decision which is the subject of this appeal.
The statutes and applicable case law require a zoning commission to approve a site plan if the plan complies with the local regulations. General Statutes § 8-3(g); RK DevelopmentCorp. v. Norwalk, 156 Conn. 375-376 (1968). Section 8-3(g) of the statutes further provides "[a] site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations."
Section 3.16.1 of the Newington zoning regulations provides, in relevant part, "In I Industrial Zones, land and buildings may be used . . . for the following purposes and no other . . . B. Warehouse, storage or wholesaling"
The commission argues that the phrase "land and buildings" in that regulation means that every permitted activity in an industrial zone must be accomplished by using both the land and a building. This argument may not be sustained.
The plain simple purpose of the regulation in question is to specify the uses that are permitted in an industrial zone. The phrase "land and buildings" is the subject of the verb form "may be used." The obvious meaning is that both land and the buildings thereon in an industrial zone are subject to the privileges and limitations applicable to that zone. There is not the slightest hint in that sentence that each lot in an industrial zone must contain a building as a prerequisite to carrying on a permitted use. Certainly, the town could have written the regulation to say that, but it didn't do so here. CT Page 13805
The court also notes the language of section 3.16.2, which establishes the requirement of site plan approval in an industrial zone. That section reads, in part, "Before a lot or parcel of land in an I Zone may be used or a building erected, altered or changed in use, a Site Development Plan must be approved . . ." (Emphasis added.) That sentence plainly contemplates the possible use of bare land for a permitted activity.
The commission argues further that the regulations as a whole forbid outside storage and, therefore, its interpretation of Section 3.16.1 is consistent with such a prohibition. But the commission can point to no explicit provision in the regulations which outlaws outside storage. To the contrary, Section 3.16.3 specifically contemplates the use of land in an industrial zone for "outside storage" (requiring a "buffer" in such circumstance).
Lastly, the court notes that when the commission previously addressed the same issue in 1991, it reached the opposite conclusion and approved the site plan, apparently following the advice of the town planner to the effect that "the applicant is asking for site plan approval to do outside storage in the Industrial Zone which is permitted . . . It is permitted by right use in the Industrial zone." See transcript of public hearing of February 27, 1991, supplement to the record in this case. This prior opposite interpretation of the same regulations by the commission significantly undermines its argument that its present interpretation is reasonable and based on the plain language of the regulations.
This court is well aware that its scope of review of a local commission's decision is limited:
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local CT Page 13806 commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990).
Nevertheless, this general rule does not give the commission license to misinterpret the plain meaning of its regulations in order to achieve a result that the regulations do not require. In the present case, the court concludes that the decision of the commission has no basis in the regulations and may not be upheld.
The plaintiff's appeal is sustained.
MALONEY, J.