[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has commenced this appeal from the approval of a subdivision and special exception application of the defendant owner Tudor Village Estates, LLC. The application concerned an eight lot subdivision which included an application for a special permit regarding two rear lots within the subdivision. The defendant Commission approved the subdivision with modifications to permit only seven lots with a reduction of the number of rear lots to one. The plaintiff an abutting property owner has filed this appeal as an aggrieved party.
The plaintiff is the owner of property which abuts a 33 acre parcel of land located on Amity Road in the town of Bethany. The parcel is owned by the co-defendant Tudor Estates, LLC which had applied for approval of an eight lot subdivision, and also for a special exception to permit two rear lots as part of the subdivision. The property is located in an R-65000 district which permits single family homes on lots no less than 65,000 square feet. On May 12, 1999 the defendant Commission granted the subdivision application for seven lots and approved the special exception application with the condition that only one rear lot would be permitted. The plaintiff has appealed from the granting of the application and claims the Commission acted illegally, arbitrarily and in abuse of its discretion in the following ways.
 1. It failed to comply with Section 13.5 of the subdivision regulations by failing to require the developer to submit a plan in compliance with the regulations.
 2. In failing to require maps adequate to consider proximation of wetlands and water courses proximate to leaching fields in violation of Section 5.4 of the subdivision regulations.
 3. In failing to require an adequate easement between the plaintiff's property and the drainage structure.
Section 22a-325 et seq., of the Connecticut General Statutes relates to municipal regulation of soil erosion and sediment control. Section 13 of the Subdivision Regulations provide for Soil Erosion and Sedimentation Control. The defendant Tudor Estates filed an erosion control plan on the development maps submitted, in narrative form and in engineering detail. The plaintiff was unsatisfied with the erosion control plan submitted and contended the Commission should require additional standards for the CT Page 8816 erosion control plan. The additional standards were never adopted as part of the Subdivision Regulations and therefore they could not be applied to the application of the defendant Tudor Estates. The Commission was controlled by the regulations it had adapted prior to the application of the defendant. Baron v. Planning and Zoning Commissioner,22 Conn. App. 255, 256. To permit an administrative agency to develop an ad hoc plan as a yardstick against which to measure any given proposal is to substitute whimsy for sound judgment, RK Development Corporation v.Norwalk, 156 Conn. 369, 377. The defendant Commission properly declined to apply the additional standards proposed by the plaintiff. The erosion control "notes" and details of the erosion control proposed did comply with the requirements of the Subdivision Regulations. The Bethany Inland Wetlands and Watercourse Commission will also regulate and oversee all of the erosion control measures for this subdivision.
The plaintiff also claims the plan submitted does not properly depict the wetland boundaries, and that the wetlands are inappropriately close to leaching fields. These claims are not within the jurisdiction of the defendant Commission but are governed by other town agencies such as the Bethany Inland Wetlands and Watercourse Commission. The plaintiff in a separate appeal from the Inland Wetland Commission for the property owned by Tudor Village Estates, LLC raised issues regarding the drainage plans, and that appeal was dismissed because of the lack of merit for the claims made of the plaintiff.
The plaintiff further argues the defendant Commission improperly refused to impose a recommendation of the plaintiff, that a 25 foot maintenance easement for the drainage system should be required. The defendant properly refused to adopt this ad hoc requirement because it was not a provision of the regulations that it had adopted. The approval of the application without a 25 foot maintenance easement was therefore proper.
For the foregoing reasons the appeal is dismissed and judgment should enter for the defendants.
 Howard F. Zoarski Judge Trial Referee