[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs Albert and Jeanette Simonelli appeal a decision of the defendant planning and zoning commission of the town of Avon approving a site plan for property owned by defendant Ensign-Bickford Realty Corporation at 18 Parkside Lane in the town. The commission acted pursuant to Conn.Gen.Stats. sec. 8-3. The plaintiff appeals pursuant to Conn.Gen.Stats. sec. 8-6. The court finds in favor of the defendants.
The facts essential to the court's decision are not disputed and are fully reflected in the record. In September 2000, defendant Accord Real Estate Group, Inc. submitted an application for approval of a site plan for construction of a 74,045 square foot, three story Marriott Resident Inn on the property. The inn would contain 100 guest suites, some with more than one bedroom. The inn would not be a typical transient hotel, but rather would provide kitchens and separate sleeping and living areas in the suites for longer term stays. The proposed plan includes spaces for parking 109 vehicles. Additional spaces would be available on adjacent property pursuant to an agreement submitted separately to the commission for its approval. In response to concerns voiced by commission members and others, Accord modified the initial architecture to include more brick in the facade of the building so as to conform its appearance to the colonial design of other buildings in the area.
The CP-A zone in which the property is located permits the CT Page 17360 establishment of a hotel or motel but not an apartment building. Regulations require one parking space per "guest room," one-half space per employee, and additional parking space for accessory uses as needed. The commission may allow a reduction of up to 25% of the required parking spaces when shared use with other businesses is available.
The commission considered the defendants' application during the course of three meetings on November 14, 2000; December 5, 2000; and January 16, 2001. Although not required to hold a public hearing on the application, the commission permitted members of the public to provide comment at the meetings. At the meetings, the commission received copious evidence relating to the use of the building as an extended stay hotel, evidence concerning the number of employees, evidence concerning the use of the meeting rooms as that relates to the need for accessory parking, and evidence concerning the availability of parking on the adjacent property. The defendants revised the site plan during the course of the meetings in response to concerns about the design of the building.
On January 16, 2001, the commission approved the defendants' site plan application with conditions. It is that decision which is the subject of this appeal.
Based on evidence presented at the hearing on this appeal, the court finds that the plaintiffs own property that abuts and is within one hundred feet of the property that is the subject of the commission's decision. They are, therefore, aggrieved by the decision. Conn.Gen.Stats. sec. 8-8.
In support of their appeal, the plaintiffs advance three arguments: 1) that the site plan provides insufficient parking spaces under the regulations; 2) that the building would be used as an apartment, not a hotel, in violation of the regulations pertaining to the zone where it would be located; and 3) that the architecture of the planned building does not conform to the aesthetic requirements of the regulations.
The above capsule summary of the plaintiffs' arguments is sufficient to indicate that they essentially ask this court to stray from its legally mandated course and act, instead, as a kind of super planning and zoning agency. This it cannot do.
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the CT Page 17361 burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiffs appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990).
More specifically, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusions drawn from those facts are reasonable. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citations omitted; internal quotation marks omitted.) CadlerockProperties Joint Venture, L.P. v. Commissioner of Env. Protection,253 Conn. 661, 676, 757 A.2d 1 (2000).
Substantial evidence is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Id., 677.
"In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. . . . [T]he plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." (Citations omitted.) Samperi v. Inland WetlandsAgency, 226 Conn. 579, 587 (1993).
"In reviewing an . . . agency decision made pursuant to the act, the reviewing court must sustain the agency's determination if an examination of the record discloses (substantial) evidence that support any one of the reasons given. . . . the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Internal quotation marks omitted.). Id. 587-588.
These familiar principles of our law present a formidable obstacle to the overturning by the court of the factual findings and conclusions of CT Page 17362 an administrative agency such as the defendant commission.
The court's examination of the record, and indeed the plaintiffs' brief and oral argument, reveal that there is considerable substantial evidence in the record to support the commission's determinations that the plan provides sufficient parking under the regulations and that the building is not to be used as an apartment but rather as a hotel. of course, there is evidence and argument to the contrary, but it is not the court's role to weigh the evidence for itself and overrule the commission's findings if it disagrees. Such forbearance is even more necessary when the court is asked to evaluate the commission's judgment on the plan's compliance with aesthetic requirements and preferences.
In short, the court finds that there is sufficient substantial evidence in the record to support the commission's decision, and that decision must, therefore, be affirmed. The plaintiffs' appeal is dismissed.
Maloney. J.