[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs Paul and Lois Ladola appeal a decision of the defendant planning and zoning commission of the town of Windsor Locks approving a site plan for property owned by defendants Robert and Nancy Garthwaite at 351 South Main Street in the town. The commission acted pursuant to CT Page 243 Conn.Gen. Stats. sec. 8-3. The plaintiff appeals pursuant to Conn.Gen. Stats. sec. 8-6. The court finds in favor of the plaintiffs.
Facts essential to the court's decision are not in dispute. Paul and Nancy Garthwaite, the individual defendants, applied to the defendant commission for approval of a site plan for their property providing for the excavation and outside storage of soil, gravel and stone, and the operation of a portable stone crusher and screener, which would be used to reduce larger pieces of the excavated material to smaller, more usable size. The property is zoned as Industrial 2.
Although not required to do so by statute or regulation, the commission held a public hearing on the application at which the defendants and plaintiffs presented evidence and argument. The hearing was held during two meetings of the commission, and the commission met and discussed the application during subsequent meetings. Following the hearing and meetings, the commission voted to approve the application. It is that decision which is the subject of this appeal.
Based on the record and admissions of the parties, the court finds that the plaintiffs own property which abuts the property that is the subject of the commission's decision. They are, therefore, statutorily aggrieved by the decision and have standing to appeal. Conn.Gen. Stats. sec. 8-8.
In support of their appeal, the plaintiffs advance essentially three arguments: 1) that the defendants' proposed excavation of their property as set forth in the site plan would violate chapter IX of the zoning regulations; 2) that the stone crushing and screening operation is prohibited by section 402 of the regulations; and 3) that the site plan fails to comply with the town's Connecticut River conservation regulations.
The scope of the court's review of actions taken by local administrative agencies such as the commission in this case is very limited. "General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiffs appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning ZoningCT Page 244Commission, 22 Conn. App. 255, 256-257 (1990).
As noted, the first issue cited by the plaintiffs as ground for their appeal is the defendants' alleged failure to comply with chapter IX of the zoning regulations. Section 902 of these regulations prohibits "removal from the premises in any district of earth, sand, gravel, clay or quarry stone except as surplus material resulting from bona fide construction, landscape or agricultural operation being executed on the premises, and provided that no permanent damage is done to the landscape." Section 904 provides that the commission may nevertheless grant a permit for the removal of sand, gravel, clay or quarry stone for any purpose, after a public hearing and subject to specified conditions. It is undisputed that the defendants did not obtain a permit for the excavation and removal of earth products prior to or after applying for site plan approval.
At the public hearings on the site plan application, the defendants stated that they intended to excavate topsoil, gravel, and sand; process that material by crushing and screening stones and larger pieces; storing that material in outside bins; and then selling it. The material would be stored within bins or walls made of concrete blocks that the defendants would construct. The plaintiffs and their attorney repeatedly raised the objection that chapter IX of the regulations, set forth above, prohibits such operations without a special permit issued pursuant to section 904. The plaintiffs pointed out that the permit requirements include the proviso that such excavations not be made within twenty feet of the property line and that the defendants' proposed excavation plans would violate that requirement. The defendants' attorney argued at the hearing that chapter IX of the regulations pertains to large scale "gravel pit" operations and that it does not apply to the operations proposed by the defendants.
The defendants' brief to the court in this appeal accurately sets forth the law with respect to the deference that the court should afford the commission's interpretation of the regulations. Zoning commissions are granted liberal discretion in determining whether a regulation applies in a given situation, and the commission's interpretation is binding so long as the commission exercises honest judgment and the decision is reasonable. Molic v. ZBA, 18 Conn. App. 159 (1989); Adolphsonv. ZBA, 205 Conn. 703 (1988). Nevertheless, the "trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts."Baron v. P Z Commission, supra, 22 Conn. App. 256.
The commission's decision approving the site plan was rendered by vote at its meeting on June 12, 2000. The discussion leading up to the vote on that date omits any reference to chapter IX. The court has searched the CT Page 245 record and finds no significant discussion or reference by any commission member to those regulations during any meeting of the commission or at any public hearing on this site plan. It is, therefore, not possible to ascertain the basis of a determination by the commission that section 902 does not require the defendants to obtain a permit in accordance with section 904. Such a determination would, however, be a prerequisite to approving the site plan in this case, because otherwise the defendants' removal of the earth materials without a permit would be plainly illegal.
In this case, section 902 of the regulations clearly prohibits the planned excavation and removal of the material unless the material excavated is "surplus material resulting from a bona-fide construction, landscape or agricultural operation." In their brief to the court, the defendants contend that the erection of the concrete block walls to serve as bins for containing the removed material constitutes a construction operation and thus exempts the excavation, pursuant to section 902, from the requirements of chapter IX.
The plaintiffs' argument, in the court's view, fails the reasonableness test. It puts the cart before the horse. The excavated material in this case would not "result from" the construction of the bins. Rather, the bins or walls would be constructed only because of the excavation. This is not idle wordplay. The obvious purpose of the exemption is to allow the removal of soil and other earth products without a permit only when a construction, landscaping, or agricultural project incidentally requires excavation. In this case, there is no such project requiring excavation. The defendants simply want to excavate for the purpose of selling the removed material. It is precisely this kind of operation that is not exempt under section 902 and requires a permit under section 904. The court concludes that the undisputed facts in this case require the defendants to comply with section 904 of the regulations. In the absence of such compliance, the commission acted in error in approving the site plan.
The court has also considered the plaintiffs' arguments with respect to section 402 of the zoning regulations and the Connecticut River Conservation Regulations and finds them not persuasive. The commission's determination that these regulations do not prohibit the operations planned by the defendants is reasonable and is based on facts in the record and the plain language of the regulations in question. The court's conclusions with respect to chapter IX of the zoning regulations, however, require that the commission's decision approving the site plan in the absence of a section 904 permit be reversed.
The plaintiffs' appeal is sustained. CT Page 246
Maloney, J.