[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bringing this appeal are Edward Saccoccia, Anthony Balesano, Curtis Bibens, Guy Chasse, Frank A. Marzano, Jr., Gary Melendy, Evelyn Melendy, and Annie Nauss. They appeal a decision of the defendant planning and zoning commission of the town of East Hartford approving an application for a minor flood hazard zone development permit for property owned by defendant Bidwell Associates LLC and leased to defendant LMA-USA Limited Partnership, which is located at 1-31 Main Street in East Hartford. The application for the flood zone permit was filed and subsequently heard by the commission at the same time as the defendants' application for site plan approval for the same property.
The commission acted on the permit application pursuant to Conn. Gen. Stats. sec. 8-3 and section 601 of the flood plain provisions of the town's zoning regulations. The plaintiffs appeal pursuant to Conn. Gen. Stats. secs. 8-6 and 22a-19. The court finds the issues in favor of the defendants.
The facts essential to the court's decision are undisputed and fully CT Page 2775 reflected in the record. Defendant Bidwell Associates LLC is the owner of the property in question, a 31 acre parcel of land on Main Street in East Hartford. The property is located in a Business 1 (B-1) zone. Defendant LMA-USA Limited Partnership ("Partnership") is the leasehold owner, operating a shopping center on the property, including Andy's Food Town. a supermarket, as tenant.
On January 16, 2001, the defendant Partnership filed the application for the flood plain permit,. which is the subject of this appeal, along with an application for site plan approval, with the defendant commission. The flood plain permit application proposes reconstruction of portions of the parking lot that are located within the flood plain.
The commission did not convene a formal public hearing on the application but did consider it at its public meeting on February 14, 2001. The Partnership presented an expert to testify in support of the application, a civil engineer. The plaintiffs were not present, but they were represented by counsel, who appeared and was permitted to address the commission. The plaintiffs also presented, through their counsel, their own expert, a civil and traffic engineer. All of these experts testified at length and submitted to questions from commission members. The town planner was also present and advised the commission regarding the application.
At the conclusion of the hearing, the commission members discussed the application and voted to approve it. It is this decision which is the subject of this appeal.
The court heard oral argument on the appeal on November 14, 2001. On December 6, 2001, the defendants filed a request to present additional argument and evidence. The plaintiffs filed an objection. The court does not require either additional argument or evidence in order to determine the issues raised by the appeal, and the defendants' motion is, therefore, denied.
Based on evidence adduced at the hearing on the appeal and in the record, the court finds the plaintiffs are aggrieved, either by virtue of their ownership of property within one hundred feet of the subject property, Conn. Gen. Stats. sec. 8-8, or because they allege that the plan is reasonably likely to have adverse environmental effects, Conn. Gen. Stats. Sec. 22a-19.
In their brief and at oral argument on this appeal, the plaintiffs advance essentially one argument in support of their appeal: that the defendants' proposal to perform construction work on the parking lot/driveway would affect the flood hazard zone and requires a major CT Page 2776 flood hazard zone development permit. This would have required public notice, a public hearing, and compliance with the requirements of sections 601.5 through 601.8 of the regulations. They argue that the commission erroneously accepted and approved the defendants' application for a minor flood hazard zone development permit pursuant to section 601.1 of the regulations.
In its decision on the plaintiffs' appeal of the commission's approval of the defendants' site plan application, this court referred to the general principles of our law that govern the scope of the court's review of the commission's decisions. These principles are applicable here, as well, and it is useful to restate them.
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiffs appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990).
More specifically, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusions drawn from those facts are reasonable. . . . Our ultimate duty is to determine, in view of all of the evidence. whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. " (Citations omitted; internal quotation marks omitted.) CadlerockProperties Joint Venture, L.P. v. Commissioner of Env. Protection,253 Conn. 661, 676, 757 A.2d 1 (2000).
Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; CT Page 2777 internal quotation marks omitted.) Id., 677.
In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. . . . [T]he plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. " (Citations omitted.) Samperi v. Inland WetlandsAgency, 226 Conn. 579, 587 (1993). "[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Internal quotation marks omitted.) Id. 587-588.
These familiar principles of our law present a formidable obstacle to the overturning by the court of the factual findings and conclusions of an administrative agency such as the defendant commission.
At the public meeting, the defendants' engineer presented the construction plans for the area within the flood zone. These include 1.5 cubic yards of pavement (a surface area of approximately 270 square feet), new curbing and guide rails on a driveway, installation of a removable compactor on a concrete pad, a pad for an electrical transformer replacing the present transformer, and excavation of 1.5 cubic yards in an area off the parking lot, to compensate for the loss of 1.5 cubic yards of flood storage capacity. The defendants contended that the construction essentially amounts to improvements to existing structures with minimum impact on the flood zone. The plaintiffs' attorney argued that this activity was too extensive to come within the definition of miner flood hazard development" and their expert presented testimony critical of the plan. The town planner advised the commission as to the boundaries of the flood zone and the extent of the intrusion by the project. The commission had already heard evidence concerning the project as a whole during the portion of the meeting devoted to the site plan application and that was specifically incorporated in this phase of the meeting.
Section 601.1 of the town's regulations defines a minor flood hazard zone development as inter alia, "rehabilitation of existing storm drainage, . . . driveways or roadways." Section 601.4 sets forth the procedure for obtaining a minor flood hazard development permit. Subsection b. of that section provides "if the Commission finds that the scope of the proposed work or activity is so limited or insignificant that it shall present no adverse impact on levels of flooding or erosion, it may issue a Minor Flood Hazard Development Permit without a public hearing." The issue presented by this appeal, therefore, is whether the commission correctly determined that the defendants' construction CT Page 2778 plans for the parking lot/driveway constitutes only a "rehabilitation" of the existing area or that the proposal would have only a limited or insignificant effect on the flood zone.
Based on evidence that was before the commission at the public meeting, as well as applicable principles of law and provisions of the town's regulations, the court concludes that the commission did not act arbitrarily or illegally in approving the application. Of course, the commission was faced with the conflicting views of the parties' experts and conflicting arguments from the parties' attorneys. But those are precisely the conflicts that the law directs the commission, not this court, to resolve. In particular, there is substantial evidence in the record as to the extent of intrusion of new construction into the flood plain to support the finding that the defendants' project would have a only limited or insignificant effect or that the project was essentially rehabilitation of existing structures.
With respect to environmental issues, the commission had already determined that the entire project would have no adverse effect on the environment, and this court has affirmed that determination in dismissing the appeal of the site plan approval.
For all of the above reasons, the appeal is dismissed.
Maloney. J.