[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs Ames Whitaker, Architects, P.C. and Canton Gateway, Inc. appeal the decision of the defendant Canton Zoning Commission denying the plaintiffs' application for site plan modification. The commission acted pursuant to General Statutes § 8-3 and its regulations. The plaintiffs appeal pursuant to § 8-8. The court finds the issues in favor of the defendant commission.
Plaintiff Canton Gateway, Inc. is the owner of the property which is the subject of the commission's decision and is, therefore, aggrieved. The court finds that plaintiff Ames Whitaker, P.C. does not have sufficient legal interest to be aggrieved by the decision. The appeal is, therefore, dismissed as to Ames Whitaker.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The plaintiffs applied to the defendant commission for approval of a modification to the site plan of Gateway's building on route 44 in Canton. The property is within an SB zoning district, and the building houses an Accura automobile dealership. The building is constructed on two levels, consisting of a single story showroom in the front portion and a higher service area in the rear portion. The plaintiffs sought approval of the construction of a false wall on the front portion so that the building would appear to be of uniform height, creating a single box effect rather than the existing two level shape. The proposal also included covering the facade with a material called "Drieveit."
The commission held a hearing on the application at its regular meeting on July 18, 2001. The plaintiffs' architect was present and presented the proposal. Commission members addressed many questions and critical comments to the architect relating to the design of the proposed CT Page 8632 construction as well as the appearance and suitability of the Driveit material. The architect did not offer any substantive defense of the application with respect to those factors. No one else spoke in favor of the application.
Following the hearing, the commission voted to deny the application for site plan modification. The reason specified was that the proposal failed to satisfy section 51.8.2 of the Canton zoning regulations in that the requested modifications would not be consistent with or appropriate for the surrounding neighborhood and other buildings in the area and that the design was "excessively uniform." It is this decision which is the subject of this appeal.
As the basis of their appeal, the plaintiffs argue that the commission's decision was essentially based on the aesthetic perceptions of the members, which is too vague and subjective a standard to support a decision affecting an owner's right to use his or her property.
As noted, the commission explicitly based its decision on the provisions of section 51.8.2 of the regulations pertaining to site plan applications. That section provides that the commission, in acting upon a site plan application, "shall" consider:
"a. the basic design of the proposed . . . building;
b. the relationship between the building and the land;
 e. the design, architecture, and aesthetics of any proposed development relative to excessive uniformity . . . inappropriateness, or poor quality of the exterior appearance of the development which may adversely affect the desirability of subsequent development. . . ."
First, it may be observed that "a land use regulation [is] not invalid simply because it [is] based in part on aesthetic considerations. . . . aesthetic considerations may have a definite relation to the public welfare. . . . other jurisdictions have recognized that aesthetic considerations alone may warrant an exercise of the police power." (Citations and internal quotation marks omitted.) Figarsky v. Historic District Commission,171 Conn. 198, 210 (1976).
Furthermore, the scope of the court's review of the commission's decision is extremely limited. CT Page 8633
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiffs appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990).
In the present case, the commission was obligated to follow duly enacted regulations pertaining to site plan applications, including section 51.8.2, which expressly required it to take into account specific aesthetic factors, one being "excessive uniformity." The commission members, who plainly were familiar with the building in question as well as others in the neighborhood, repeatedly stated their near unanimous opinion that the proposed construction would render a building of "excessive uniformity" in design and not appropriate for the neighborhood. Significantly, there was no contrary opinion expressed. The proponent architect simply stated that the design was chosen by the home office of the Accura automobile company in California and was meant to be uniform with other Accura buildings throughout the United States.
Under these circumstances, this court cannot say that the plaintiffs have sustained their burden of showing that the commission's decision was unreasonable, arbitrary or illegal. The decision is affirmed. This appeal is dismissed.
Maloney J.